UNITED STATES DISTRICT COURT
DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| LYNK MEDIA LLC<br>31- 64 21st Street #102<br>Astoria, New York 11106,<br><br>           Plaintiff,<br><br>    v.<br><br>LOS ANGELES BLADE LLC<br>1712 14th Street Northwest<br>Washington, D.C. 20009,<br><br>           Defendant. | Case No:<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

Plaintiff Lynk Media LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Los Angeles Blade LLC ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Oliya Fedun ("*Fedun*") created a video of the Proud Boys militant organization protesting in New York City (the "*Video*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant owns and operates a website at domain www.losangelesblade.com (the "*Website*").

4. Defendant owns and operates a Facebook account with the name "@losangelesblade" (the "*Account*").

5. Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Video on the Website as well as the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

1

## PARTIES

6. Lynk Media LLC is a New York limited liability company and maintains its principal place of business in Queens County, New York.

7. Upon information and belief, defendant Los Angeles Blade LLC, is District of Columbia limited liability company with a principal place of business at 1712 14th Street Northwest, Washington in District of Columbia County, District Of Columbia.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in District of Columbia.

10. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.   Plaintiff's Copyright Ownership**

11. Plaintiff is a professional videography company which is the legal and rightful owner of certain videos which Plaintiff commercially licenses.

12. Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

14. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

15. On March 19, 2023, Fedun first published the Video. A copy of a screengrab of the Video is attached hereto as Exhibit 1.

16. In creating the Video, Fedun personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the video recording and made each and every artistic determination necessary for the creation of the work.

17. On May 23, 2023, the Video was registered by the USCO under Registration No. PA 2-416-932.

18. Fedun created the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

19. Plaintiff acquired the rights in and to the Video by way of written assignment.

**B.** **Defendant's Infringing Activity**

20. Defendant is the registered owner of the Website and is responsible for its content.

21. Defendant is the operator of the Website and is responsible for its content.

22. The Website is a key component of Defendant's popular and lucrative commercial enterprise.

23. The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

24. The Website is monetized in that it offers subscription services to the public and, on information and belief, Defendant profits from these activities.

25. Defendant is the registered owner of the Account and is responsible for its content.

26. Defendant is the operator of the Account and is responsible for its content.

27. The Account is a part of and used to advance Defendant's commercial enterprise.

28. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

29. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

30. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

31. On or about March 20, 2023, Defendant commenced distributing and displaying the Video on the Website as part of an on-line story at URLs: https://www.losangelesblade.com/2023/03/20/ny-attorney-general-hosts-drag-story-hour-proud-boys-chased-off/ ("*Infringements 1-2*") and https://www.losangelesblade.com/?s=NY+Attorney+General+hosts+drag+story+hour-+Proud+Boys+chased+off ("*Infringement 3*"). Copies of screengrabs of the Website including the Video are attached hereto collectively as Exhibit 2.

32. Defendant has created a still image of the Video (the "*Video Image*") available on the Website's server at URL: https://www.losangelesblade.com/content/files/2023/03/NYC-Drag-Protest-PB.jpg.

33. On or about March 20, 2023, Defendant also commenced distributing and displaying the Video Image on the Website at URLs: https://www.losangelesblade.com/2023/03/20/ny-attorney-general-hosts-drag-story-hour-proud-boys-chased-off/ ("*Infringement 1*") and https://www.losangelesblade.com/?s=NY+Attorney+General+hosts+drag+story+hour-+Proud+Boys+chased+off ("*Infringement 3*"). Copies of screengrabs of the Website including the Video Image are attached hereto collectively as Exhibit 2.

34. Further, on or about March 20, 2023, Defendant distributed and displayed the Video Image on the Account as part of a social media post at URL: https://www.facebook.com/LosAngelesBlade/posts/2538086259675922 ("*Infringement 4*"). A copy of the Account including the Video is attached hereto collectively as Exhibit 2.

35. Without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Plaintiff's copyright protected Video on the Website as well as the Account.

36. Plaintiff first observed the Infringements on January 14, 2024.

37. Upon information and belief, the Video was copied and displayed by Defendant

4

without license or permission, thereby infringing on Plaintiff's copyrights in and to the Video (hereinafter the unauthorized uses set forth above are referred to collectively as the "*Infringements*").

38. The Infringements include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

39. The Infringements are copies of Plaintiff's original video recording that were directly copied and displayed by Defendant on the Website as well as the Account.

40. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website as well as its Account, including, but not limited to copying, posting, selecting, commenting on, and/or displaying video recordings including but not limited to Plaintiff's Video.

41. Upon information and belief, Defendant directly contributes to the content posted on the Website as well as the Account by, *inter alia*, directly employing reporters, authors, and editors as its agents, including but not limited to "Editor in Chief" Brody Levesque whereby working for Defendant when the Infringements were posted (hereinafter the "*Employees*").

42. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringements.

43. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringements.

44. Upon information and belief, the Video was willfully and volitionally posted to the Website as well as the Account by Defendant.

45. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the

Infringements on the part of Defendant.

46. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

47. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Website as well as the Account.

48. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website as well as its Account and exercised and/or had the right and ability to exercise such right.

49. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

50. Upon information and belief, the Infringements increased traffic to the Website as well as the Account and, in turn, caused Defendant to realize an increase in its advertising and/or business revenues.

51. Upon information and belief, a large number of people have viewed the unlawful copies of the Video on the Website as week as the Account.

52. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

53. Defendant's use of the Video harmed the actual market for the Video.

54. Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

55. On May 15, 2024, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

56. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond, and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

57. Further, despite Plaintiff's notification to Defendant concerning its infringing

activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

58. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

59. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

60. The Video is an original, creative work in which Plaintiff owns a valid copyright.

61. The Video is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

62. Plaintiff has not granted Defendant a license or the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

63. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

64. Defendant's reproduction of the Video and display of the Video constitutes willful copyright infringement.

65. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Video without Plaintiff's consent or authority, by using it on the Website as well as the Account.

66. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement

pursuant to 17 U.S.C. § 504(c).

67. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

68. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

69. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Video in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in and to the Video by copying and displaying it without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

    e. for pre-judgment interest as permitted by law; and

    f. for any other relief the Court deems just and proper.

DATED: October 18, 2024

          **SANDERS LAW GROUP**

          By:   */s/ Craig Sanders*
          Craig Sanders, Esq.
          333 Earle Ovington Blvd, Suite 402
          Uniondale, NY 11553
          Tel: (516) 203-7600
          Email: csanders@sanderslaw.group
          File No.: 129427

          *Attorneys for Plaintiff*